IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR ALFONSO SANTOS, | : | |
| | : | CIVIL ACTION NO. **3:14-CV-0635** |
| Petitioner | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| MARY SABOL, Warden, | : | |
| York County Prison, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM AND ORDER**

**I.     Background.**

Petitioner, Victor Alfonso Santos, is a native and citizen of Honduras. (Doc. 1, ¶ 9). On August 14, 2008, Petitioner entered the United States without inspection and was apprehended by the United States Customs and Border Patrol ("CBP"). *(Id.* at ¶ 11). Petitioner was screened for expedited removal, pursuant to 8 U.S.C. § 1225(b)(1), and removed to Honduras on August 25, 2008. *(Id.* at ¶¶ 11 and 13).[1]  On January 12, 2013, Petitioner again entered the United States without inspection and was apprehended by CBP the same day. *(Id.* at ¶ 25).[2]  On January 13, 2013, U.S. Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice of Intent/Decision to Reinstate Prior Order (Form I-871), pursuant to 8 U.S.C. § 1231(a)(5), and reinstated his removal order. (Doc. 1-4).

---

[1]*See also* Doc. 13-1, Ex. A.

[2]*See also* Doc. 13-1, Ex. B.

1

Petitioner expressed fear of returning to Honduras. (Doc. 1, ¶ 26). Consequently, ICE did not execute Petitioner's final removal order and referred Petitioner's case to USCIS. ICE also found that Petitioner should remain in custody during the reasonable fear process. Petitioner was then transferred to the York County Prison in York, Pennsylvania, to await a reasonable fear interview in accordance with 8 C.F.R. §§ 208.31, 241.8(e), and 1208.31. *(Id.* at ¶¶ 26 and 28). On March 22, 2013, Petitioner was interviewed by an asylum officer regarding his alleged fear of returning to Honduras. *(Id.* at ¶ 30). On April 25, 2013, the asylum officer found that Petitioner demonstrated a reasonable fear of prosecution or torture and referred his case to an immigration judge to determine the merits of Petitioner's application for withholding of removal under INA §241(b)(3) [8 U.S.C. §1231(b)(3)] and under the Convention Against Torture ("CAT") (Form I-589). (Doc. 1, ¶ 33 & Doc. 1-9).[3]

The immigration judge held a hearing and issued a written opinion on August 12, 2013, denying Petitioner's application for withholding removal under INA §241(b)(3) and denying Petitioner's application for withholding removal under CAT. The immigration judge also ordered Petitioner removed to Honduras. (Doc. 1, ¶ 38 & Doc. 1-12). Petitioner appealed the immigration judge's decision denying his request for withholding of removal with the Board of Immigration Appeals ("BIA"). We note that Petitioner's appeal to the BIA only dealt with the immigration judge's August 13, 2013, decision denying Petitioner's request for withholding of removal under INA §241(b)(3) and under CAT. (*See* Doc. 1-16, p. 3 n.1 & Doc. 1-17). On December 23, 2013, the BIA issued a decision which upheld the

---

[3]*See also* Doc. 13-1, Ex. D.

immigration judge's August 13, 2013, decision denying Petitioner's request for withholding of removal under INA §241(b)(3) and under CAT. (Id. at ¶ 45 & Doc. 1-17). The BIA stated that Petitioner "provided insufficient evidence to suggest that he was tortured in the past in Honduras or that any government official in Honduras would either torture him upon his return or acquiesce in his torture by others." (Doc. 1-17, p. 4). The BIA also noted that insofar as Petitioner continued to claim he was eligible for asylum despite his prior order of removal, "the Regulations provide that when a matter is referred to an Immigration Judge, an aline's request for withholding of removal only shall be considered. See 8 C.F.R. §208.31(e) and §1208.31(e)." (Id.).

On January 8, 2014, Petitioner filed a Petition for Review of the BIA's decision with the the Third Circuit Court of Appeals, and a Motion to Stay Removal. (Doc. 1-18).[4] On February 28, 2014, the Third Circuit issued a stay of removal while Petitioner's appeal was pending. (Id. at ¶¶ 46 and 49 & Doc. 1-18). On March 24, 2014, the Third Circuit granted Petitioner an extension of time until May 1, 2014, to file his appeal brief regarding his challenge to the immigration judge's August 13, 2013 Order denying his application for withholding removal under INA §241(b)(3) and under CAT. (Doc. 1-18 & Doc. 13). On May 7, 2014, the Third Circuit granted Petitioner's second Motion for an extension of time to file his appeal brief until May 22, 2014. (Doc. 13-1, p. 15).

Petitioner's appeal of the immigration judge's August 13, 2013 Order denying his application for withholding removal under INA §241(b)(3) and under CAT is currently

---

[4]See also Doc. 13-1, Ex. E.

pending with the Third Circuit. Also, the stay of removal issued by the Third Circuit remains in effect.

On April 2, 2014, Petitioner Santos, an inmate at York County Prison ("YCP"), York, Pennsylvania, filed, through counsel, a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. (**Doc. 1**). Petitioner attached several Exhibits to his habeas petition. Petitioner paid the filing fee. Petitioner named several Respondents. However, the only appropriate Respondent is Mary Sabol, Warden of YCP, where Petitioner is currently detained.[5] On April 21, 2014, we issued a Show Cause Order and Respondents were served with Petitioner's habeas petition. (Docs. 4-8 & 11). On May 1, 2014, both parties filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. (Docs. 9 & 10). Respondents filed their Response to Petitioner's habeas petition on May 12, 2014, with Exhibits. (Doc. 13 & Doc. 13-1, pp. 1-15). Petitioner filed a traverse on May 27, 2014. (Doc. 14).

As such, Petitioner Santos' habeas petition is ripe for review. As mentioned, the parties consented to proceed before the undersigned pursuant to 28 U.S.C. §636(c).

---

[5] Petitioner incorrectly included as Respondents York County Prison, Thomas R. Decker (Field Office Director for Enforcement and Removal Operations in the Philadelphia Field Office of U.S. Immigration and Customs Enforcement), Thomas S. Winkowski (Principal Deputy Assistant Secretary of U.S. Immigration and Customs Enforcement), Jeh Johnson (Secretary of Homeland Security), and Eric Holder (U.S. Attorney General). As stated above, YCP Warden Mary Sabol is the only proper Respondent. *See* 28 U.S.C. §2242 and §2243. *See also Jado v. Decker*, 2009 WL 1456595, *1, n. 1 (M.D. Pa.)("The only properly named Respondent in a federal habeas corpus action is the applicant's custodial official.").

Since Petitioner's initial detention on January 12, 2013, he has received custody reviews by ICE on January 25, 2013, April 24, 2013, July 18, 2013, October 26, 2013, and March 20, 2014.  (Docs. 1-7, 1-8, 1-10, 1-15, 1-23).  Petitioner also requested the immigration court to provide him with an individualized bond hearing, which was denied on September 4, 2013. On December 9, 2013,  the BIA upheld the denial of Petitioner's request for an individualized bond hearing.  (Docs. 1-11, 1-12, 1-16).  Petitioner also requested release on parole pending his appeal with the Third Circuit, and on February 11, 2014, ICE denied his request.  (Docs. 1-14 & 1-20).

II.     **Discussion**.

This Court has venue and jurisdiction with respect to Petitioner's  habeas petition challenging his continued physical custody by ICE at York County Prison.   *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)(finding that a petition pursuant to 28 U.S.C.  § 2241 challenging an alien's present physical custody in the United States should be filed in the district where the petitioner is confined).  Petitioner claims that his continued detention by ICE, without a bond hearing, is unauthorized and a violation of procedural due process. Petitioner requests this Court to order his immediate release from ICE's detention or to direct that a bond hearing be held.  For the reasons that follow, we shall deny Petitioner's habeas petition.

   A. ***Petitioner's Case Is Properly Governed Under 8 U.S.C. § 1231***

As stated, Petitioner Santos is subject to a reinstated removal order under  8 U.S.C. §1231(a)(5).  Specifically, on January 13, 2013, Petitioner was found to have illegally

reentered the United States after he was previously removed. (*See* Doc. 1-10). Thus, ICE served Petitioner with a Notice of Intent/Decision to Reinstate Prior Order (Form I-871), pursuant to 8 U.S.C. §1231(a)(5), and reinstated his 2008 removal order. As such, Petitioner was found to be subject to removal from the Untied States through the reinstatement of his 2008 final removal order. (Doc. 1-4).

In *Ponta-Garcia v. Att'y Gen.*, 557 F.3d 158 (3d Cir. 2009), the Third Circuit upheld the reinstatement procedures of removal orders under 8 U.S.C. § 1231(a)(5). The Court stated as follows:

> "In 1996, Congress changed the manner in which reinstatements of orders of removal are handled. In relevant part, the new statute reads:
>
>> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and *is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this Act, and the alien shall be removed under the prior order at any time after the reentry.*"
>
> 8 U.S.C. § 1231(a)(5) (emphasis added).

Similarly, in *Buquez v. Attorney General of U.S.,* 394 Fed.Appx. 932, 935 (3d Cir. 2010), the Third Circuit stated that "[i]n order to reinstate a prior order of removal, the statute requires that an alien has reentered the United States illegally and that he reentered after having been removed or having departed voluntarily under an order of removal. 8 U.S.C. §1231(a)(5)." Thus, as Respondents state, "[Petitioner's] removal order was administratively final when it was reinstated on January 13, 2013." (Doc. 13, p. 4 & Doc. 1-4).

We disagree with Petitioner Santos and find that 8 U.S.C. §1226 does not govern his case. Rather, we agree with Respondents that 8 U.S.C. §1231 is the applicable statute since Petitioner is subject to a final order of removal. As mentioned, Petitioner's prior order of removal was reinstated under 8 U.S.C. §1231(a)(5) when he was found to have illegally reentered the United States. See Aziz v. Attorney General of U.S., 2012 WL 5207459, *1 n. 3 (M.D. Pa. Oct. 22, 2012)("8 U.S.C. §1231 is the applicable statute, because Petitioner is subject to a final order of removal.").

Petitioner in his habeas petition and in his traverse fails to recognize that his Petition for Review currently pending with the Third Circuit is not a judicial review of his removal order. Rather, as discussed above, Petitioner's pending appeal involves the immigration judge's August 13, 2013 Order denying his application for withholding removal under INA §241(b)(3) and under CAT. As such, Respondents are correct in asserting that Petitioner Santos has an administratively final order of removal. Petitioner has no further action pending regarding his removal order because his removal order is final pursuant to 8 U.S.C. §1231(a)(5). The Third Circuit's review of Petitioner's application for withholding removal does not alter his prior removal proceedings and his 2008 removal order in any way. Rather, Petitioner's appeal of the immigration judge's August 13, 2013 Order denying his application for withholding removal INA §241(b)(3) and under CAT affects only whether Petitioner may be removed to Honduras. Thus, we agree with Respondents that "[c]ontrary to [Petitioner's] assertions, the pendency of a reasonable fear determination does not impact the finality of a reinstated removal order under 8 U.S.C. § 1231(a)(5)." (Doc. 13, p. 4).

Therefore, as Respondents point out, even if Petitioner prevails on his pending appeal with the Third Circuit and the Court overturns the denial of Petitioner's application for withholding removal and lifts the stay or removal, Petitioner can still be removed from the United States, just not to Honduras.  (Doc. 13, pp. 4-6).

Accordingly, we agree with Respondents that Petitioner Santos is being detained under 8 U.S.C. § 1231, and not § 1226.   We also agree with Respondents that "Petitioner was in mandatory post [final removal] order detention under 8 U.S.C. § 1231(a)(2) from January 13, 2013, to July 13, 2013, and on July 18, 2013, [ICE] determined that [Petitioner] would remain detained under 8 U.S.C. § 1231(a)(6)." (Doc. 13, p. 4 & Doc. 1-10). Further, at the time of Petitioner's July 18, 2013 custody review, his request for deferral of removal under INA §241(b)(3) and under CAT was pending.

We further agree with Respondents that the case of *Leslie v. Att'y Gen.*, 678 F.3d 265 (3d Cir. 2012), cited to by Petitioner, does not apply.  As discussed, Petitioner Santos' pending appeal with the Third Circuit does not pertain to his removal order.  Thus, in our case, Petitioner Santos was not detained, at any time,  by ICE under 8 U.S.C. § 1226(c). Thus, we agree entirely with Respondents and their rationale that Petitioner Santos' detention is governed by 8 U.S.C. §1231(a)(6).  (Doc. 13, pp. 6-7).

We also point out that we were assigned the case of *Pierre v. Sabol*, Civil No. 11-2184, M.D. Pa., for issuance of a Report and Recommendation ("R&R"), upon which Petitioner Santos relies in his habeas petition.  In the case of *Pierre v. Sabol*, Civil No. 11-2184, as Respondents point out, the Court specifically stated that "Petitioner [Pierre] still has

an application for withholding of removal pending before the IJ [Immigration Judge], which means a decision has not yet been made on whether he will be removed from the United States." *Pierre v. Sabol*, Civil No. 11-2184, Doc. 21, pp. 8-9). The *Pierre* Court also stated that since Petitioner Pierre still had an application for withholding of removal pending "the reinstated order of removal has not yet become administratively final because the IJ has yet to rule on his application." (*Id.*, p. 9). Thus, the *Pierre* Court concluded that Petitioner Pierre's removal period under §1231(a) did not yet begin, and the only basis for his detention was under §1226(a). (*Id.*).

We find that the *Pierre* case is clearly distinguishable from Petitioner Santos' case since in the present case the immigration judge denied Santos' application for withholding removal under INA §241(b)(3) and under CAT on August 13, 2013, and the BIA then affirmed the IJ's decision. Further, Petitioner Santos' 2008 removal order was reinstated by ICE on January 13, 2013. (Doc. 1-4). Also, as discussed, with respect to Petitioner Santos' pending appeal with the Third Circuit, we find that the only decision which has not yet been made is whether Santos will be removed to Honduras and not whether he will be removed from the United States. Thus, we find that Petitioner Santos is subject to a final order of removal and his detention is under 8 U.S.C. §1231(a) and not under 8 U.S.C. §1226(c).

Therefore, we agree with Respondents that the case of *Pierre v. Sabol*, Civil No. 11-2184, M.D. Pa., does not support the instant claims of Petitioner Santos.

### B. *Petitioner's Detention Under 8 U.S.C. § 1231(a)(6) Does Not Violate Due Process*

As mentioned, Petitioner Santos' prior removal was reinstated on January 13, 2013. (*See* Doc. 1-23). Thus, Petitioner's removal order was reinstated over sixteen (16) months ago. We agree with Respondents that "the statutory basis for [Petitioner's] custody is continued discretionary detention under 8 U.S.C. §1231(a)(6) because he is inadmissible under 8 U.S.C. §1182." (Doc. 13, pp. 7-8).

Once an alien is ordered removed by ICE, the Attorney General has ninety (90) days to effectuate the removal of the alien. This is called the removal period. 8 U.S.C. § 1231 (a)(1)(A). Under the statute:

> (B) The removal period begins on the latest of the following:
>
> (i) *The date the order of removal becomes administratively final*.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(Emphasis added).[6] *See French v. Ashcroft*, 2005 WL 1309062 at *2 (M.D. Pa.); *Jurado-Delgado v. Hogan*, 2007 WL 1490717, *3 (M.D. Pa.).

In *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001), the Court held that "the statute [§1231], read in light of the Constitution's demands, limits an alien's post-removal-period

---

[6] During the removal period, the Attorney General must detain the alien. 8 U.S.C. § 1231(a)(2). If the alien is not removed during the removal period, the Attorney General has two options -- supervised release (8 U.S.C. §§ 1231(a)(3)) or, at times, continued detention (8 U.S.C. §1231(a)(6)).

detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id*. "At the conclusion of the removal period, if the alien remains in the United States, his post-removal-period detention may be continued only as long as 'reasonably necessary' to effectuate his removal from the United States." *Jurado-Delgado v. Hogan*, 2007 WL 1490717, *3 (citing *Zadvydas*, 533 U.S. at 689). "If removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700.

As stated, the burden is on the alien "to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future … ." *Barenboy v. Attorney General of U.S.*, 160 Fed. Appx. 258, 261 (3d Cir. 2005)(citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Once the alien meets this burden, the burden shifts to the government which must respond with sufficient evidence to rebut that showing. *Id*. "Not every alien must be released after six months. An alien may still be detained beyond six months 'until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Peynado v. BICE*, 2009 WL 136749, *3 (M.D. Pa.)(citation omitted).

In the present case, we find that Petitioner Santos has not met his burden of showing that that ICE will not be able to remove him to Honduras after his pending appeal is decided by the Third Circuit and his stay of removal is lifted. In fact, as stated, Petitioner Santos was previously removed from the United States to Honduras in August 2008, and in

2011, Petitioner obtained an official Honduran identity document. (Doc. 13-1, Ex. B, pp. 3-5 and Ex. C, p. 11). We do not find that Petitioner has presented any evidence to show that he is unremovable. Also, as stated, Petitioner's last custody review was March 20, 2014. (Doc. 1-23). In Petitioner's March 20, 2014 custody review, ICE Field Officer Director Thomas Decker stated that if Petitioner's stay of removal "has not been lifted within one year, [Petitioner] will be scheduled for a Post Order Custody Review (POCR) and served with a Notice to Alien of File Custody Review." Decker also stated that "[i]f your stay is lifted and ICE does not effect your removal prior to the 90th day following the lifting of the stay, a new POCR will conducted." (Doc. 1-23). Further, as Respondents point out, "the government of Honduras historically cooperates in the prompt issuance of travel documents for its citizens." (Doc. 13, p. 8).

At the present time, we find that Petitioner Santos has not presented any evidence to demonstrate a good reason why his removal is unlikely to occur once the Third Circuit decides his appeal and lifts his stay. We find that Petitioner Santos has made no showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. at 701. As discussed above, Petitioner Santos is subject to a final order of removal. The sole reason the order of removal has not been executed is Petitioner's own actions. Petitioner has an appeal pending with the Third Circuit regarding the immigration judge's August 13, 2013 Order denying his application for withholding removal under INA §241 (b)(3) and under CAT. Also, Petitioner has filed a motion for a stay of removal and the Third Circuit has granted it. Additionally, the Third Circuit granted

Petitioner two extensions of time, the latter extension until May 22, 2014, to file his appeal brief. Accordingly, there is no showing that Petitioner's removal will not occur in the reasonably future after the Third Circuit decides his appeal.

In addition, 8 U.S.C. §1231(a)(1)(C) permits the government to extend the removal period and keep an alien in detention if the alien acts to prevent his removal." *Aziz v. Attorney General of U.S.*, 2012 WL 5207459, *2 (M.D.Pa.). In our case, as discussed, Petitioner Santos has a Petition for Review pending with the Third Circuit regarding his appeal of the IJ's Order denying his application for withholding of removal, and the Third Circuit has issued an Order staying his removal while his appeal is pending. As mentioned, Petitioner's time to file his brief in his appeal was recently granted to May 22, 2014. Thus, Petitioner Santos' removal has been stayed during the pendency of his appeal and the length of time Petitioner has been detained by ICE is proper.

Insofar as Petitioner Santos raises a due process claim, the record in the instant case shows that Petitioner is receiving regular custody reviews regarding his continued detention by ICE. *See* Docs. 1-7, 1-8, 1-10, 1-15, 1-23. We find that Petitioner's custody reviews comport with the due process requirements. *See Aziz*, 2012 WL 5207459, *2.

Further, to the extent Petitioner Santos requests a bond hearing in his habeas petition, "8 U.S.C. §1231(a) does not provide aliens with a right to a hearing or a bond." *Aziz v. Attorney General of U.S.*, 2012 WL 5207459, *2. Rather, 8 U.S.C. §1231(a) "requires the government to detain certain aliens during a removal period" and after the removal period, "it is within the government's discretion to release or to continue detaining the

alien."  *Id.*(citing 8 U.S.C. §1231(a)(6)).

### III.  Conclusion.

Accordingly, we will deny Petitioner Santos' habeas petition. (Doc. 1). An appropriate Order will be issued.

                                      s/ **Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: June 5, 2014**